**Kronfeld v. Sugarhouse HSP Gaming, LP**

*David C. Woloshin, Dina S. Ronsayro* and *Jordan Schlossberg*, for plaintiff.

*Dolores Rocco Kulp* and *Timothy A. Kulp*, for defendant.

MASSIAH-JACKSON, *J.*, Dec. 9, 2014—

## A. FACTUAL BACKGROUND and PROCEDURAL HISTORY

On August 10, 2013, Michael Kronfeld and his wife, Nadia, were gambling at Sugarhouse Casino in Philadelphia, Pa. At about 2:00 a.m., Mr. Kronfeld collapsed. While Sugarhouse waited for Emergency Paramedics, employees commenced first-aid. The Fire Department rescue personnel arrived and transported Mr. Kronfeld to the hospital where he later died.

Mr. Adi Kronfeld, one of Mr. Kronfeld's children, was appointed the administrator of Michael Kronfeld's Estate. This wrongful death and survival act litigation was commenced in September, 2014, alleging negligence by the Sugarhouse Casino and its employees.

Preliminary objections in the nature of a demurrer have been filed by the defendant-Sugarhouse. *See*, Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure.

For all the reasons set forth below, the demurrer is sustained in Part with prejudice where, as here, the law says with certainty that the duty of defendant-Sugarhouse to Michael Kronfeld is solely to provide first aid and to summon medical assistance. The demurrer is overruled as to paragraphs 39d and f, and related allegations.

## B. LEGAL DISCUSSION

The elements of a cause of action in negligence are: 1) a duty on the part of the defendant to conform to a certain standard of conduct with respect to the plaintiff, 2) a failure by the defendant to so conform, 3) proximate cause — that is, a reasonably close causal connection between the defendant's conduct and some resulting injury to the plaintiff, and, 4) actual loss or damage suffered by the complainant. *See* generally, Prosser and Keeton, §30 (5th Ed. 1984); Prosser, Law of Torts, §30 (4th Ed. 1971).

In this case, plaintiff-Kronfeld alleges that defendant-Sugarhouse and its employees breached the following duties of care set forth in paragraph 39 of the complaint:

a. Failing to swiftly and adequately begin resuscitation efforts;

b. Failing to swiftly and adequately perform resuscitation efforts begun by defendant Sugarhouse's employees and/or agents;

c. Failing to swiftly and adequately summon those other agents and/or employees who could render proper assistance;

d. Failing to swiftly and adequately summon professional assistance;

e. Failing to meet its duty to ensure the safety of business invitees; and

f. Failing to exercise reasonable care based upon the circumstances.

Only sub-parts 39d and 39f arguably present a viable cause of action for this plaintiff.

In Pennsylvania, which has adopted Restatement (Second) of Torts, §314A, defendant-Sugarhouse as a possessor of land who holds it open to the public owes a duty to its patrons, as follows:

> "1)(a) to give [members of the public] first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others."

The Superior Court explained in *Campbell v. Eitak, Inc.*, 893 A.2d 749 (Pa. Superior Ct. 2006), that simply by classifying a plaintiff as a business invitee does not establish the particular duty owed to the patron by the business. The Appellate Court rejected arguments *identical to those made herein* by plaintiff-Kronfeld: assertions that failures of training, the absence of policies of procedure to respond to emergencies, and negligent undertaking caused the harm and/or increased the injuries. Summary judgment was affirmed with a declaration, at 893 A.2d at 753:

> "In the absence of any legislative pronouncement, we hold that the prompt summoning of medical assistance satisfies a restaurant's duty to a patron who is choking. By calling 911 within minutes of Campbell's reported distress [defendant] discharged its duty to [the patron] as a matter of law."

Plaintiff-Kronfeld's assertion that the restatement is applicable only to restaurants and not to other businesses is baseless. The *Campbell* Court clearly held that the duty of care per Section 314A is imposed on any possessor of land who holds it open to the public. 893 A.2d at 753:

> ". . . because we find that [the business] discharged its duty to its patron by summoning medical assistance within a reasonable time, we conclude that the trial

court neither committed an error of law nor abused its discretion in granting summary judgment..."

Plaintiff-Kronfeld's complaint alleges that Sugarhouse employees failed to begin or perform resuscitation and use an AED device. The Pennsylvania Supreme Court declined to impose such a duty on businesses and affirmed a trial court's grant of summary judgment. In *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218 (Pa. 2000), the court held at 1224:

> ". . . . the existence of a civil immunity provision for Good Samaritans who use an AED in an emergency situation cannot impose a duty on a business establishment to acquire, maintain, and use such a device on its premises.

> Neither the EMS Act nor the AED Good Samaritan Act imposed a duty upon Gulph Mills to acquire, maintain, and use an AED....Because Gulph Mills did not owe a duty to carry an AED, [plaintiffs] could not have established a prima facie claim of negligence."

After considering Section 314A of the restatement, including *comment f,* and the pertinent case law of this and other jurisdictions, this court concludes that from all the facts pleaded in the complaint, plaintiff-Kronfeld fails to state a claim on which relief may be granted as to defendant-Sugarhouse, its agents or employees as set forth in paragraphs 39a, b, c, or e, and related allegations of negligence, respondeat superior and negligent hiring, training and supervision.

Next, plaintiff-Kronfeld summarily asserts that even if employees are protected by the legislature, corporate defendant-Sugarhouse is not statutorily immune as per Pennsylvania's Good Samaritan Civil Immunity Law, 42

Pa. C.S.A. §8332. Taking the allegations in the complaint as true, Sugarhouse employees made multiple efforts to assist the stricken guest even as emergency paramedics were called. This plaintiff has not alleged conscious lack of diligence or intentional harm or a failure to act in good faith. Nor has plaintiff alleged any conduct which rises to recklessness or gross negligence.

The statute grants immunity to "any person" who renders emergency care. Where a statute itself does not define "person," we look to Pennsylvania's Statutory Construction Act, 1 Pa. C.S.A. §1991, which states that "person," "includes a corporation, partnership, limited liability company . . ." Plaintiff-Kronfeld has failed to state a claim for negligent undertaking or respondeat superior per Restatement (Second) of Torts, §323. The corporate defendant is statutorily immune from liability.

Finally, to the extent that plaintiff-Kronfeld suggests that the defendant increased a risk of cardiac events by "cultivating, maintaining and/or encouraging an environment of sensory stimulation and excitement," this court concludes such a proposal falls under the rules applicable to theatres, amusement parks, sports facilities and more e.g. *Jones v. Three Rivers Management*, 394 A.2d 546 (Pa. 1978); *Beck v. Stanley Co.*, 50 A.2d 306 (Pa. 1947); *Loughran v. The Phillies*, 888 A.2d 872 (Pa. Superior Ct. 2005). The expected and inherent risks of going to a casino, if any, cannot create a duty nor would it be proper for such a suggestion to go to a jury. Nor can this plaintiff claim that Sugarhouse is an insurer of its patrons.

## C. CONCLUSION

If after discovery the facts confirm that Sugarhouse Casino discharged its duty to Michael Kronfeld by summoning medical assistance within a reasonable time,

dispositive motions may be appropriate. At this juncture, it is clear that the demurrer is sustained in part.

## ORDER

And Now, this 9th day of December, 2014, after consideration of the preliminary objections filed by Sugarhouse HSP Gaming, L.P., and plaintiffs response thereto, and, for the reasons set forth in the memorandum filed this date, it is hereby ordered that the demurrer is sustained with prejudice pursuant to Rule 1028(a)(4) as it relates to all allegations of negligence, respondeat superior and negligent hiring, training and supervision, in paragraphs 39a, b, c, and e, and those allegations are dismissed with prejudice. The demurrer is overruled as to paragraphs 39d and f. *See*, Restatement (Second) of Torts §314A.

Defendant shall file an answer to plaintiffs complaint within twenty (20) days from the date this order is docketed. *See also*, order dated November 7, 2014.